WILCOX and KOSTELECKY, Appellants, v. A. SWECKER, Appellee.

**Reformation of instruments:** EVIDENCE. In an action to reform a written commission contract for the sale of land, in which plaintiffs contended that they were to receive a stated commission and in addition all that the land sold for in excess of a certain price per acre, the evidence is reviewed and held insufficient to authorize a reformation under the rule that such evidence must be clear and satisfactory.

*Appeal from Poweshiek District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, DECEMBER 13, 1905.

ACTION to reform written contract and recover commission for the sale of real estate. Judgment for defendant, and the plaintiffs appeal. The facts are more fully stated in the opinion.— *Affirmed.*

*Tom H. Milner,* for appellants.

*Talbott & Talbott,* for appellee.

WEAVER, J.— It is conceded that the plaintiffs were employed or authorized by the defendant to procure a purchaser for the farm of the latter and that plaintiffs did in fact find a customer to whom the sale was made. The controversy in the litigation is over the terms of the contract of agency as to the compensation which defendant undertook and promised to pay for the services thus performed. It is the claim of plaintiffs that in case they secured a purchaser for the land, they were to receive $1 per acre, and if the sale was made for more than $70 per acre, they were also to receive the excess over that sum. The

agreement was reduced to writing, but the clause which plaintiffs rely upon as entitling them to the excess over $70 per acre appears to be unintelligible and meaningless. Omitting prior stipulations that clause is as follows: "And as commission I agree to pay him $1 per acre, and all above $70 per acre per cent on cent on all been signed." Plaintiffs allege that a printed form was used in preparing the contract, and that this confusion of words arises from the mistake of the scrivener in erasing words which should have been included in the instrument, and leaving others unerased which should have been excluded. They ask therefore that this contract be reformed and made to express an agreement by plaintiff to pay them the excess realized over $70 per acre and that they be permitted to recover on that basis. The sale was in fact made at $75 per acre. The defendant alleges that his agreement was to pay $1 per acre, and the excess, if any, realized over $75 per acre, and that he has, in fact, paid to plaintiffs $1 per acre in full satisfaction and discharge of his agreement. He further says that the writing was prepared by one of the plaintiffs, who read it to him as providing for payment to them of the excess, if any, realized over $75 per acre; and that he, being without spectacles, and for that reason unable to read said paper for himself, believed and relied upon the statement of the plaintiff as to its contents, and in such belief subscribed his name thereto. The cause was tried to the court, which found the evidence insufficient to sustain the allegations of the petition, and rendered judgment in favor of the defendant for costs. The plaintiffs appeal.

It will be observed from the foregoing recitation that the controversy is solely one of fact. Did the defendant agree to pay to the plaintiffs the excess, if any, which might be realized upon the sale of the land through their agency above the price of $70 per acre? It is quite clear that the writing in the form in which it was executed does not express such an obligation, and the burden is upon the plain-

tiffs to establish it by a clear preponderance of the evidence. This we think they failed to do. It is admitted by one of the plaintiffs that the figures, " $75 " were first written into the contract, and that he erased them, and inserted " $70," but claims that this was done before the defendant signed it. The defendant with equal positiveness insists that $75 was the minimum price agreed upon, and that he did not know of or consent to the change. The defendant's theory of the agreement is strongly corroborated by the further conceded fact that when the sale was finally agreed upon, and the purchaser had made an advance payment to the defendant in the presence of one or both of the plaintiffs, defendant thereupon immediately paid to them the sum of $160 (being $1 per acre upon the land sold), which sum they accepted and divided between themselves without protest or question, and not until a later date was any demand or claim presented by them for additional compensation.

Other facts and circumstances which we will not stop to detail seem to strengthen the position of the defendant. The paper in itself with its confused and unintelligible statement and its conceded erasures and alterations affords little, if any, aid to the plaintiffs' claim. To justify a decree reforming the writing requires clear and satisfactory proof of the allegations of the petition. Looking to the record before us we have to say that in our judgment this demand has not been met. The fact, too, that the impressions received by us from the printed record are re-inforced and supported by the conclusion of the trial court which had the parties and witnesses before it, increases our confidence in the correctness of the conclusion here announced.

The decree of the district court is therefore *affirmed*.